## EMPLOYERS' LIABILITY ASSUR. CORP. et al. v. JOHNSON et al.

No. 25182. June 5, 1934.

Rehearing Denied Sept. 11, 1934.

John F. Butler, for petitioners.

Clay M. Roper, for respondents.

CULLISON, V. C. J. This is an original proceeding before this court by the Employers' Liability Assurance Corporation, Limited, of London, England, and the Indian Territory Illuminating Oil Company, a corporation, petitioners, to review an award of the State Industrial Commission made and entered on October 19, 1933, in favor of J. F. Johnson, claimant.

The record discloses that the petitioner oil company filed with the Commission on October 8, 1932, an "Employer's First Notice of Injury," which stated that on or about July 30, 1932, claimant received an accidential personal injury while working at the Farley Gasoline Plant. That claimant claims that while removing coils from the Farley Plant, one of the coils tilted, throwing weight on him, and causing strain of the right groin. The report also gives the dates on which claimant quit work and returned to work at various intervals. That petitioner furnished medical treatment.

The attending physician's report, filed the same date, substantiates the employer's first notice, supra, and states that the symptoms from which he is suffering are due entirely to the injury. Estimates the disability will exist four or five days from the date of the accident.

The record shows that on October 7, 1932, the employer filed a supplemental report of the injury, stating that claimant quit work September 3, 1932, returning to work two days thereafter; again quit work September 14th, returning six days later; off duty September 25th, September 29th, and October 2nd. That claimant returned to work on October 3rd, but that he is not fully recovered.

On June 21, 1933, claimant filed his form 3, substantially the same as the employer's first notice and the attending physician's report, supra. Claimant states, "Never discharged, but made several attempts to return to work. Was off several days and each time I returned, received backset and could not do the work I had been doing before injury." Claimant reports that he returned to work the last time on October 24, 1932, at the same wage (about $4.50 per day) but different work.

July 12, 1933, petitioners herein filed their form 18, denying liability in the case.

July 13, 1933, the Commission issued notice of hearing.

A hearing was had before Thos. H. Doyle, Chairman, at Oklahoma City, Okla., on September 21, 1933, at which time the claimant and Dr. V. H. Musick testified. A subsequent hearing was had September 26th, at which time Leslie E. McNeely, J. F. Johnson, claimant, his attorney, Clay M. Roper, and Doctors J. M. Pemberton and Basil A. Hayes testified.

The evidence in this case shows that claimant received an accidental personal injury when he and approximately eight other men were moving a coil that weighed a ton or a ton and a half. The coil became overbalanced and dropped, catching claimant before it turned him loose. That it seemed as if a knife struck claimant through, or some thing tore loose. That claimant arrived at the date of the accident from the statement made to him by Mr. Daugherty, who kept the records for the company. That claimant had been in the employ of the company since June 21, 1929.

Claimant testifies concerning a second injury to the same part of his body that was injured July 30, 1932:

"Q. Between the 2nd day of September, and the 13th day of September, had you fully recovered from your injury received on the 30th of July? A. No, sir; I never did."

Dr. V. H. Musick testifies concerning the entire history of the case and medical assistance rendered claimant by himself and other physicians:

"Q. From the examination you made of this man and from the examination of the X-rays, state what your diagnosis shows? A. The diagnosis is a floating right kidney. Q. Doctor, can anything be done to remedy this cause and if so, what? A. There is an operative procedure for anchoring of loose kidney, but it is not entirely satisfactory and a kidney belt can also be worn to hold the kidney in place. * * * Q. Doctor, what, in your opinion, what disability has this man at this time,—a permanent disability or a temporary disability? A. He is a total disability from doing any hard manual labor? * * * Q. What about the time fell down, do you believe he might have torn his kidney loose at that time? A. He could have, but I believe he tore it loose from the first accident."

Dr. J. M. Pemberton testifies that he examined claimant the first time on September 26, 1933, and corroborates the testimony of

Dr. Musick to the effect that claimant has suffered a total and permanent disability. He also says that the injury prevents the kidneys emptying properly.

Dr. Basil A. Hayes, called as a witness for the employer company, testifies that in his judgment the diseased condition of the kidney did not result from the accident, but that the claimant was born that way. He also says that the condition of the kidneys shown by the X-rays might be caused by a stone in the kidney, but no stone was found by either of the physicians who took the X-rays or by Dr. Hayes. The record contains no evidence whatsoever corroborating the testimony of Dr. Hayes.

At the conclusion of the last hearing the Commission rendered the following order and award (omitting caption):

"Order.

"Now, on this 19th day of October, 1933, * * *

"The Commission having examined all of the records and files herein and having reviewed the evidence taken at said hearings and being well and sufficiently advised in the premises, finds:

"(1) That the claimant herein on and prior to July 30, 1932, was in the employment of the respondent and engaged in a hazardous occupation, covered by and subject to the provisions of the Workmen's Compensation Law;

"(2) Arising out of and in the course of said employment the claimant, on July 30, 1932, sustained an accidental personal injury in the nature of a strain or sprain to the back and injuring his kidneys when lifting on a large coil and the same tilted, throwing the weight on the claimant, as a result of which he was temporarily totally disabled for a period of five days, and returned to work and again on September 3rd, and September 4th, he was temporarily totally disabled and on September 13th, he again became temporarily totally disabled for a period of 7 days, and from October 5th to October 30th, or 21 days, making in all 30 days' temporary total disability as a result of said injury;

"(3) That on or about the 1st of January, 1933, by reason of said accident and injury, the claimant was given light work, that of a watchman, and continued on said light work up until the 17th day of June, 1933, at which time the claimant was forced to quit work for and on account of his permanent partial disability:

"(4) That the claimant on June 17, 1933,

became, has been, and is now permanently partially disabled by reason of said accident, and that by reason of the claimant's permanent partial disability, as aforesaid, the claimant has suffered a decrease in wage-earning capacity from $3.28 per day to $1 per day, making a difference of $2.28 per day in said wage-earning capacity, and that the claimant is entitled to sixty-six and two-thirds per cent. of the difference in the said wage-earning capacity for the permanent partial disability, from and after the 17th day of June, 1933, the date he quit work;

"(5) That the average daily wage of the claimant at the date of said injury was $3.28 per day.

"The Commission is therefore of the opinion: Upon a consideration of the foregoing facts that the claimant is entitled to compensation for the period of temporary total disability of 30 days, less the five days' statutory waiting period, or for 3 weeks and 4 days, at the rate of $12.60 per week, or the total sum of $46.20, for said temporary total disability.

"The Commission is further of the opinion: Upon a consideration of the foregoing facts that the claimant is entitled to compensation from June 17, 1933, to this date or for 18 weeks at the rate of $8.80 per week, or $158.40, and to continue to pay the claimant at the rate of $8.80 per week for a period not to exceed 300 weeks, from and after October 30, 1932, subject to a reconsideration of the degree of such impairment by the Commission on its own motion, or upon application of any party in interest. * * *"

The Commission so ordered.

The employer oil company and its insurance carrier appeal from the foregoing order and award, and contend:

"(1) That the State Industrial Commission erred in finding that the claimant, J. F. Johnson, was temporarily totally disabled from performance of ordinary labor for the period of three weeks and four days as a result of an accidental personal injury sustained on July 30, 1932.

"(2) That the State Industrial Commission erred in finding that the claimant, J. F. Johnson, respondent herein, is suffering any disability as the result of an accidental personal injury sustained on July 30, 1932.

"(3) That the State Industrial Commission erred in finding in this cause or claim numbered on the State Industrial Commission files as A-7771, that the claimant, J. F. Johnson, respondent herein, suffered any disability or loss of time from an accidental personal injury sustained on July 30, 1932, without first finding that the said J. F. John-

son suffered no disability or injury from the separate and different accidents of September 2nd and September 13, 1932, shown by the record to have been received by him and for which claimant made claim for compensation in case No. A-78427 and A-78428 before the State Industrial Commission."

We have read the entire record in this case, carefully studying the testimony of each and all of the witnesses, and we deem it unnecessary to set out or comment upon any other testimony than that which we have cited.

We are of the opinion that the evidence in this case clearly shows that claimant sustained an injury July 30, 1932, which was later aggravated by two other mishaps in the same employment, and that his present condition would not exist were it not for the original injury of July 30, 1932.

The order and award of the Commission is clearly sustained by the record, and the same is hereby approved.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. ANDREWS and BUSBY, JJ., absent.